SIDDHESH V. PANDIT (Va. Bar No. 75686 - *Pro Hac Vice*)
svp@maierandmaier.com
TIMOTHY J. MAIER (Va. State Bar No. 46254 - *Pro Hac Vice* forthcoming)
tjm@maierandmaier.com
MICHAEL CASEY (Va. Bar No. 43919- *Pro Hac Vice* forthcoming)
mrc@maierandmaier.com
MAIER & MAIER, PLLC
345 South Patrick Street
Alexandria, VA 22314
Telephone: (703) 740-8322

THOMAS J. GOHN (Tex. Bar No. 24097742- *Pro Hac Vice* forthcoming)
tjg@maierandmaier.com
MAIER & MAIER PLLC
8750 N. Central Expressway, Ste. 1850
Dallas, Texas 75231
Telephone: (703) 740-8322

STACY E. DON (Cal. State Bar No. 226737)
sdon@sdonlaw.com
LAW OFFICE OF STACY E. DON
8203 Sierra College Blvd.
Roseville, CA 95661-4227
Telephone: (916) 749-4851

Attorneys for Defendants AEM Holdings Ltd.,
AEM Singapore Pte. Ltd., and AEM Americas, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANTEST TEST SOLUTIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AEM HOLDINGS LTD., a Singapore corporation; AEM SINGAPORE PTE. LTD., a Singapore corporation; and AEM AMERICAS, INC., a California corporation,<br><br>Defendants. | Case No.: 3:25-cv-02604-JES-BJW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>**Judge: James E. Simmons, Jr.**<br>**Action Filed: October 1, 2025**<br><br>**Hearing: February 25, 2026**<br>**Time: 11:00 a.m.**<br>**Courtroom: 4B** |

# TABLE OF CONTENTS


I. LEGAL STANDARD .......... 2

II. ARGUMENT .......... 3

A. The Direct Infringement Claims Fail .......... 3

1. Advantest's allegations are conclusory and speculative. .......... 3
2. Advantest cannot rely on AEM's patents to allege infringement. .......... 7
3. Advantest fails to plead specific claim limitations. .......... 9
4. Advantest fails to allege domestic acts of infringement under Section 271. .......... 9
5. Advantest fails to properly allege which Defendant performed which alleged infringing acts. .......... 13

B. Induced and Contributory Infringement Claims Fail .......... 15

1. Legal standard .......... 15
2. Advantest fails to plead direct infringement to support indirect infringement. .......... 15
3. Contributory infringement fails. .......... 17
4. Induced infringement fails .......... 18

C. Willfulness Fails .......... 20

III. CONCLUSION .......... 22

# TABLE OF AUTHORITIES

## Cases

*Abbott Point of Care, Inc. v. Epocal, Inc.*
868 F. Supp. 2d 1310 (N.D. Ala. 2012) .......... 8

*Anticancer, Inc. v. Leica Microsystems, Inc.*
No. 11CV2756 DMS (JMA)
2012 WL 12862585 (S.D. Cal. May 14, 2012) .......... 16, 17, 19

*Apollo Fin., LLC v. Cisco Sys., Inc.*
190 F. Supp. 3d 939 (C.D. Cal. 2016) .......... 11

*Arbmetrics, LLC v. Dexcom Inc.*
No. 18-CV-00134-JLS-KSC, 2019 WL 12473781 (S.D. Cal. Feb. 19, 2019) .......... 21

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*
709 F.3d 1348 (Fed. Cir. 2013) .......... 11, 14

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 2

*Askan v. Faro Techs., Inc.*
No. 6:23-CV-920-PGB-DCI
2024 WL 3443416 (M.D. Fla. July 17, 2024) .......... 7

*Atlas IP LLC v. Pac. Gas & Elec. Co.*
No. 15-CV-05469-EDL
2016 WL 1719545 (N.D. Cal. Mar. 9, 2016) .......... 6

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 2

*Benson Ave. Co. LLC v. ARRI Americas Inc.*
No. 2:24-CV-07209-SVW-RAO
2025 WL 2684035 (C.D. Cal. Aug. 14, 2025) .......... 11, 12

*Bot M8 LLC v. Sony Corp. of Am.*
4 F.4th 1342, 1353 (Fed. Cir. 2021 ........................ 3, 4, 5

*Brain Life, LLC v. Elekta Inc.*
No. 10CV1539-LAB BGS
2011 WL 12816674 (S.D. Cal. July 19, 2011) ........................ 16

*C.R. Bard, Inc. v. Adv. Cardiovascular Sys., Inc.*
911 F.2d 670 (Fed. Cir. 1990) ........................ 16

*Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*
No. 19-CV-05784-JST
2020 WL 7392909 (N.D. Cal. July 23, 2020) ........................ 3

*Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*
No. CV 19-1528-RGA
2022 WL 1909386 (D. Del. June 3, 2022) ........................ 11

*Ebner v. Fresh, Inc.*
838 F.3d 958 (9th Cir. 2016) ........................ 2

*Echosens, S.A. v. E-Scopics S.A.S.*
772 F. Supp. 3d 147 (D. Mass. 2025) ........................ 12

*E-Vision Optics, LLC v. Luxottica Grp. S.p.A.*
No. SA CV 23-02013-AB (SHKX)
2024 WL 1601853 (C.D. Cal. Mar. 8, 2024) ........................ 13

*Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*
665 F. Supp. 3d 1214 (S.D. Cal. 2023) ........................ 21

*Forest Lab'ys, Inc. v. Abbott Lab'ys*
239 F.3d 1305 (Fed. Cir. 2001) ........................ 8

*Garrett v. TP-Link Rsch. Am. Corp.*
No. 20-CV-03491-SI
2020 WL 5517202 (N.D. Cal. Sept. 14, 2020) ........................ 6, 16, 20

*Glob.-Tech Appliances, Inc. v. SEB S.A.*
563 U.S. 754, 766, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011) ........................ 20

*Globus Medical, Inc. & Nuvasive, LLC, Plaintiffs, v. Alphatec Spine, Inc., Defendant*
No. 3:25-CV-01522-CAB-DDL
2025 WL 3471319 (S.D. Cal. Dec. 3, 2025) .......... 22

*Grecia v. VUDU, Inc.*
No. C-14-0775-EMC
2015 WL 538486 (N.D. Cal. Feb. 9, 2015) .......... 2

*In re American Apparel, Inc. Shareholder Derivative Litigation*
2012 WL 9506072 (C.D. Cal. July 31, 2012) .......... 14

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*
681 F.3d 1323 (Fed. Cir. 2012) .......... 18

*King Instruments Corp. v. Perego*
65 F.3d 941 (Fed. Cir. 1995) .......... 7

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*
545 F.3d 1340 (Fed. Cir. 2008) .......... 15

*Laitram Corp. v. Cambridge Wire Cloth Co.*
919 F.2d 1579 (Fed. Cir. 1990) .......... 13

*Lang v. Pac. Marine & Supply Co.*
895 F.2d 761 (Fed. Cir. 1990) .......... 13

*Masimo Corp. v. Sotera Wireless*
No. 19-CV-01100-BAS-NLS
2020 WL 2306587 (S.D. Cal. May 8, 2020) .......... 13

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*
420 F.3d 1369 (Fed. Cir. 2005) .......... 9

*Midwest Athletics & Sports All. LLC v. Xerox Corp.*
No. 8:17CV478
2018 WL 1400426 (D. Neb. Mar. 20, 2018) .......... 7

*Newtonoid Techs., LLC v. Abbott Lab'ys*
No. 1:23-CV-02532
2024 WL 4213303 (N.D. Ill. Sept. 17, 2024) ........ 6

*Novitaz, Inc. v. inMarket Media, LLC*
No. 16-CV-06795-EJD
2017 WL 2311407 (N.D. Cal. May 26, 2017) ........ 6

*Parity Networks, LLC v. Moxa Inc.*
No. SACV20698JVSKESX
2020 WL 6064636 (C.D. Cal. Sept. 11, 2020) ........ 14

*Pulse Elecs., Inc. v. U.D. Elec. Corp.*
No. 18-CV-0373-BEN (DEB)
2020 WL 3791660 (S.D. Cal. July 6, 2020) ........ 17, 19

*Resh, Inc. v. Skimlite Mfg. Inc.*
666 F. Supp. 3d 1054 (N.D. Cal. 2023) ........ 14

*Rite-Hite Corp. v. Kelley Co.*
56 F.3d 1538 (Fed. Cir. 1995) ........ 7

*Scripps Research Inst. v. Illumina, Inc.*
No. 16-CV-661-JLS (BGS)
2017 WL 1361623 (S.D. Cal. Apr. 14, 2017) ........ 2

*Scripps Rsch. Inst. v. Illumina, Inc.*
No. 16-CV-661 JLS (BGS)
2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) ........ 5

*Simpson Performance Prods., Inc. v. NecksGen Inc.*
No. 317CV01704BENMDD
2018 WL 2229396 (S.D. Cal. May 16, 2018) ........ 3

*Slack v. International Union of Operating Engineers*
2014 WL 4090383 (N.D. Cal. Aug. 19, 2014) ........ 14

*Smith Interface Technologies, LLC, Plaintiff, v. Apple Inc., Defendant.*
No. 23-CV-1187 TWR (BGS)
2024 WL 6917026 (S.D. Cal. Mar. 5, 2024) ........ 21

*Sound N Light Animatronics Co., LTD v. Cloud b, Inc.*
No. CV1605271GHKJPRX
2016 WL 7635950 (C.D. Cal. Nov. 10, 2016) ........ 10

*Superior Indus., L.L.C. v. Thor Glob. Enters. Ltd.*
No. CIV. 10-2524 MJD LIB
2011 WL 601217 (D. Minn. Feb. 11, 2011) ........ 8

*TeleSign Corp. v. Twilio, Inc.*
No. CV 16-2106 PSG (SSX)
2016 WL 4703873 (C.D. Cal. Aug. 3, 2016) ........ 5

*Traxcell Techs. LLC v. Google LLC*
No. 22-CV-04807-JSC
2022 WL 17072015 (N.D. Cal. Nov. 17, 2022). ........ 15

*Uniloc USA, Inc. v. Apple Inc.*
No. C 18-00359 WHA
2018 WL 2047553 (N.D. Cal. May 2, 2018) ........ 18, 19

*United States v. Corinthian Colls.*
655 F.3d 984 (9th Cir. 2011) ........ 2

*Yi-Ping Lin v. Transform Partners LLC*
No. 18CV1933 DMS (KSC)
2019 WL 446403 (S.D. Cal. Feb. 5, 2019) ........ 9

**Statutes**

35 U.S.C. § 271 ........ 3, 11, 14

Fed. R. Civ. P. 12(b)(6) ........ 1

Defendants AEM Holdings Ltd., AEM Singapore Pte. Ltd., and AEM Americas, Inc. (collectively, "AEM") respectfully move to dismiss Advantest Test Solutions, Inc.'s ("Advantest") Complaint (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Counsel for AEM met and conferred with counsel for Advantest on December 22, 2025. This motion is opposed. *See* Declaration of S. Pandit.

As reflected in the Complaint, AEM and Advantest have interacted previously. But past interactions do not excuse a complaint that pleads infringement based on conjecture rather than facts. Advantest must plausibly allege infringing acts and an infringement theory grounded in facts about the accused products—not speculation.

Advantest's Complaint (ECF No. 1) fails to plead facts that plausibly support its patent infringement claims. The Complaint should be dismissed with prejudice because: (1) Advantest's direct infringement theory rests largely on disclosures in AEM's own patents and conclusory references to generic webpages, rather than facts about the accused products; (2) Advantest does not plausibly allege that any AEM entity makes, uses, sells, offers to sell, or imports the accused products in the United States; (3) Advantest fails to plead the direct infringement necessary to support its indirect infringement claims, fails to plead the requisite intent and knowledge for inducement, and fails to plead the absence of substantial non-infringing uses for contributory infringement; and (4) Advantest fails to plead facts that would support willfulness, including any pre-suit knowledge of infringement.

Advantest asserts infringement of the '999 patent and the '841 patent (collectively, the "Asserted Patents") and accuses AEM's alleged "TCWs" and certain wafer-probe systems and configurations (collectively, the "Accused Products").

Throughout the Complaint, Advantest readily admits that its allegations are based on "information and belief" and that it has never possessed any of the AEM

Accused Products, foreclosing the possibility of conducting an infringement analysis. These admissions completely undermine Advantest's Complaint and warrant dismissing the direct infringement counts with prejudice.

## I. LEGAL STANDARD

A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Conclusory statements and formulaic recitations of elements are not entitled to the assumption of truth, and courts need not credit allegations that amount to speculation rather than plausible factual content. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (citation omitted). "[O]nly pleaded facts, as opposed to legal conclusions, are entitled to assumption of the truth." *United States v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011).

"Under the statute, 'liability for infringement requires a party to make, use, sell, or offer to sell the patented invention, meaning the entire patented invention.'" *Grecia v. VUDU, Inc.*, No. C-14-0775-EMC, 2015 WL 538486, at *3 (N.D. Cal. Feb. 9, 2015) (quoting *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) *overruled on other grounds by Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012)).

To survive a motion to dismiss, a plaintiff asserting a claim for direct patent infringement must plausibly allege that the defendant, "without authority[,] makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a); *see also Scripps Research Inst. v. Illumina, Inc.*, No. 16-CV-661-JLS (BGS), 2017 WL 1361623, at *3 (S.D. Cal. Apr. 14, 2017) (same); *Simpson Performance Prods., Inc.*

*v. NecksGen Inc.*, No. 317CV01704BENMDD, 2018 WL 2229396, at *2 (S.D. Cal. May 16, 2018) (same).

In reviewing a case appealed from the Northern District of California, the Federal Circuit has stated regarding pleading patent infringement that "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

## II. ARGUMENT

### A. The Direct Infringement Claims Fail

#### 1. Advantest's allegations are conclusory and speculative.

Outside of AEM's patents, Advantest uses high-level generic descriptions of a couple of websites to plead infringement of the Accused Products. There is no possibility that Advantest can supplement its original Complaint because it has already admitted that it does not actually have access to AEM's alleged infringing products. These facts sink Advantest's direct infringement allegations.

First, Advantest qualifies its allegations with "upon information and belief." *See* Complaint, Exhibits I and J ("Advantest sets forth the following allegations in this claim chart based upon information and belief after undergoing a reasonable investigation of all information practicably obtainable without the aid of discovery.").[1] This casts a shadow over all of Advantest's allegations, indicating that it does not have sufficient facts to allege infringement. *See Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, No. 19-CV-05784-JST, 2020 WL 7392909, at *4-6 (N.D. Cal. July 23, 2020) (dismissing conclusory allegations

---

[1] In an attempt to support its lack of investigation, Advantest cites to *Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359, 1364-65 (Fed. Cir. 2000). This case deals with Rule 11 and does not support Advantest's position that it can make allegations without appropriate alleged facts.

of patent infringement and noting that inclusion of the phrase "on information and belief" leads to the "inference that [the plaintiff] likely lacks knowledge of the underlying facts to support the assertions, and is instead engaging in speculation to an undue degree") (internal quotation marks omitted).

Without its citations to AEM's patents, Advantest's allegations lack any factual basis and are therefore insufficient. Advantest even admits that citations outside of AEM's patents are "for additional color" and that "the AEM Copy[cat] patents alone demonstrate that the Accused Products practice all elements of the Asserted Patents." Complaint, Exs. I and J.

But without AEM's patents, Advantest's "additional color" fails to allege infringement. Regarding infringement allegations, the Federal Circuit has held that "[t]he level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Here, the patented technology is specific thermal testing equipment for semiconductors. *See* Complaint, ¶ 44 (the Accused Products "on information and belief, include at least the combination of AEM TCWs with AEM's 'MMP Multi Purpose Frame/Wafer Probe System,' AEM's 'KRONOS Inertial Sensor Wafer Probe System,' and wafer probe testers manufactured by third parties, consistent with the disclosures of the Copycat Patents").

Advantest's allegations, however, merely reproduce marketing photos from AEM's sole global website (https://aem.com.sg/solutions/wafer-test-solution/products/) and then short, high-level, quotes from an unrelated website that *is not AEM's* (https://www.aemdeposition.com/blog/wafer-prober.html). *See* Dec. of Kwek You Cheer. Not only is the material insufficient to show what parts of the AEM Accused Products meet the limitations of the Asserted Patents, but the text

quoted by Advantest is not even referencing the machines in the photos. *See, e.g.*, Complaint, Ex. I at 4-7 (showing photos of AEM products from https://aem.com.sg/solutions/wafer-test-solution/products/ for one element and then quoting https://www.aemdeposition.com/blog/wafer-prober.html for a different element stating "Testing: The prober collects data on how the wafer's circuits respond to the signals. If the wafer performs as expected, it is marked as functional. Otherwise, it is flagged as defective."). Not only is the quoted text insufficient to describe how the Accused Products consist of "a tester system for generating signals for input to said circuits and for processing output signals from said circuits for testing said wafer" ('999 patent, element [1.a]) but there is no explanation of how the quoted language describes the operation of the AEM devices in the photos. *See TeleSign Corp. v. Twilio, Inc.*, No. CV 16-2106 PSG (SSX), 2016 WL 4703873, at *3 (C.D. Cal. Aug. 3, 2016) ("But Plaintiff does not plausibly allege that any *one product* produced by Defendant performs all elements.") (emphasis added).

Moreover, the webpages Advantest cites are product-family listings and high-level marketing descriptions of AEM offerings, many of which appear to be longstanding or "legacy" products. The Complaint does not identify any specific accused configuration, version, or feature-set, and it does not explain how any cited product satisfies each limitation of any asserted claim. That omission is fatal at the pleading stage for complex semiconductor test equipment. *See Bot M8*, 4 F.4th at 1353.

The combination of snapshots from an AEM website with isolated high-level quotes from an unrelated website is pervasive in Advantest's allegations. This material is not enough to put AEM on notice of how its products allegedly infringe. *See Scripps Rsch. Inst. v. Illumina, Inc.*, No. 16-CV-661 JLS (BGS), 2016 WL 6834024, at *6 (S.D. Cal. Nov. 21, 2016) ("Plaintiff does not explain how this description of Defendant's BeadChip product—particularly the general overview of

the bifunctional molecules contained therein—plausibly meets the limitations of the bifunctional molecules in Plaintiff's asserted claims."); *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-CV-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017) (finding that even though some factual allegations existed, certain claim elements were not addressed); *Atlas IP LLC v. Pac. Gas & Elec. Co.*, No. 15-CV-05469-EDL, 2016 WL 1719545, at *3 (N.D. Cal. Mar. 9, 2016) ("Here, the complaint recites only some of the elements of the sole asserted claim, and provides only a threadbare description of the alleged abilities of the accused device."); *Garrett v. TP-Link Rsch. Am. Corp.*, No. 20-CV-03491-SI, 2020 WL 5517202, at *4 (N.D. Cal. Sept. 14, 2020) ("These photos do not show the mobile device assembled with the other required parts of the patent, such as the surveillance system and motion detection system."); *Newtonoid Techs., LLC v. Abbott Lab'ys*, No. 1:23-CV-02532, 2024 WL 4213303, at *2 (N.D. Ill. Sept. 17, 2024) ("To support this claim, Plaintiffs include a picture of the front of the Infringing Product and an exhibit showing Patent '818. The effect is a conclusory recitation of section 271(a), with the addition of one commercial image in the complaint and the patent as an exhibit.").

The *Midwest Athletics* case parallels this one. In that case, the plaintiff made similar vague allegations. The court found that this was not sufficient to give notice regarding infringement.

> MASA's Complaint identifies the patents-in-suit and generally identifies the products or product lines MASA believes might infringe its patents in some way but does not provide sufficient factual development to make a plausible showing of infringement or give Xerox meaningful notice of the grounds for MASA's infringement claims. Leaving aside the procedural and practical problems raised by relying on hyperlinks to various transitory websites and promotional materials purportedly available online, MASA's 'depictions and descriptions' of the accused products consist of exterior marketing photographs and basic model names and numbers without any specifics about the allegedly infringing features or functions of the accused

> products beyond reciting the claim language. Often made '[u]pon information and belief,' MASA's allegations fail to raise any right to relief above a speculative level.

*Midwest Athletics & Sports All. LLC v. Xerox Corp.*, No. 8:17CV478, 2018 WL 1400426, at *4 (D. Neb. Mar. 20, 2018) (internal quotation marks omitted).

Further, as noted above, Advantest admits that it does not have access to AEM's Accused Products and this confirms the highly speculative nature of its allegations. "Advantest cannot conduct a direct analysis of AEM's products embodying this technology because semiconductor test is a secretive, business-to-business industry." Complaint, ¶ 43. This is insufficient to state a claim for relief and where a plaintiff cannot plausibly allege infringement based on available information, the complaint should be dismissed. *See Askan v. Faro Techs., Inc.*, No. 6:23-CV-920-PGB-DCI, 2024 WL 3443416, at *2 (M.D. Fla. July 17, 2024), *appeal transferred*, No. 24-12487, 2024 WL 4729321 (11th Cir. Aug. 21, 2024), and *aff'd*, No. 2024-2258, 2025 WL 1363303 (Fed. Cir. May 12, 2025) ("As for the '841 patent, Askan requests that FARO disclose the accused source code responsible for point cloud data smoothing because it is not feasible to use publicly available data to construct his infringement theory. (*Id*. at p. 11). Put another way, Askan cannot state a claim for relief.").

**2. Advantest cannot rely on AEM's patents to allege infringement.**

By relying almost exclusively on the disclosures within AEM's own patents, Advantest fails to allege *how* the Accused Products allegedly practice the claims of the Asserted Patents.

Citation to AEM's patents is not evidence that the Accused Products practice the limitations of the Asserted Patents. *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995) ("There is no requirement in this country that a patentee make, use, or sell its patented invention."); *see also King Instruments Corp. v. Perego*, 65 F.3d 941, 949 (Fed. Cir. 1995) ("A patentee need not make, use, or sell an invention

to gain patent protection."). Just because AEM has its own patents does not mean that it is making, using, or selling its patented invention or that the Accused Products are practicing those patents. Because of this, Advantest cannot rely on AEM's patents to plausibly plead infringement.

Complaints with similarly flawed allegations have been rejected. *See Forest Lab'ys, Inc. v. Abbott Lab'ys*, 239 F.3d 1305, 1313 (Fed. Cir. 2001) ("Moreover, Abbott needed to present adequate evidence with respect to the accused product, not the content of a patent application that may or may not describe the product."); *Superior Indus., L.L.C. v. Thor Glob. Enters. Ltd.*, No. CIV. 10-2524 MJD LIB, 2011 WL 601217, at *1 (D. Minn. Feb. 11, 2011) ("Thor argues that Superior has failed to state a claim for patent infringement because Superior relies solely on a patent application to support the allegations that Thor is making and selling an infringing product. The law is well settled that the essence of patent law is the right to exclude others from making, selling or using a patented product. *Dawson Chem. v. Rohm & Haas*, 448 U.S. 176, 215 (1980). There is no requirement that a patent applicant make, use or sell the invention sought to be patented. *King Instruments v. Perego*, 65 F.3d 941 (Fed. Cir. 1995). Thus, the fact that Thor has an outstanding patent application is not enough to support allegations that Thor is making, using or selling a product covered by the patent application."); *Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1330 (N.D. Ala. 2012) (in the context of a motion to exclude evidence at trial "counsel for Epocal are cautioned that they will not be permitted to exceed the bounds of this court order by arguing that evidence of defendant's patents actually is relevant to Abbott's claims for infringement.").

Advantest cannot rely on AEM's patents as evidence of infringement. This leaves Advantest with virtually no factual allegations showing how the Accused Products allegedly infringe the Asserted Patents.

**3. Advantest fails to plead specific claim limitations**.

Finally, the Complaint addresses nearly all limitations of the ’841 Patent and ’999 Patent claims with *only* citations to AEM’s patents and a website that is not AEM’s (aemdeposition.com), with no citations to how the Accused Products allegedly work. *See* Complaint, Ex. I, elements [1.a]-[1.g] and Ex. J, elements [1.a]-[1.e]. This is a fatal flaw in Advantest’s Complaint. *See Yi-Ping Lin v. Transform Partners LLC*, No. 18CV1933 DMS (KSC), 2019 WL 446403, at *1 (S.D. Cal. Feb. 5, 2019) (“This standard is based on the principle that the failure to meet a single limitation is sufficient to negate infringement of [a] claim.”) (internal quotation marks omitted). As Advantest relies solely (and improperly) on AEM’s patents and a non-AEM website for nearly all limitations of the ’999 and ’841 patents, Advantest has not alleged that all limitations are met by the Accused Products.

**4. Advantest fails to allege domestic acts of infringement under Section 271**.

Advantest does not plead facts showing that any AEM defendant has made, used, sold, offered to sell, or imported any Accused Product in the United States. Instead, Advantest largely recites statutory language and relies on allegations made “on information and belief,” while simultaneously admitting it has not obtained or analyzed the Accused Products.

“It is well-established that the reach of section 271(a) is limited to infringing activities that occur within the United States.” *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1375 (Fed. Cir. 2005). Yet, Advantest simply parrots the statutory language without alleging any concrete acts by any AEM entity that would constitute infringement. *See* Complaint, ¶¶ 44, 48, 62. Advantest does not provide any factual basis or even allege that AEM makes, uses, imports, offers to sell, and/or sells the Accused Products in the United States. Further, as noted above, Exhibits I and J to the Complaint cite a website

https://www.aemdeposition.com/blog/wafer-prober.html. The Complaint seems to allege that this website is owned, operated or controlled by any AEM entity. To the contrary, publicly available information on the website indicates that it is operated by Sizen Limited, a third-party company entirely unrelated to AEM. Reliance on third-party web-content that merely shares a similar acronym, without any effort to evidence ownership, control, or relevance to the Accused Products reflects a cursory and unreliable attribution and further underscores the speculative nature of the Complaint's infringement allegations. Further, the URL https://aem.com.sg/solutions/wafer-test-solution/products/ does not plausibly allege a domestic act of infringement under 35 U.S.C § 271(a). The Complaint does not allege that any Defendant made, used, sold, offered to sell, or imported an accused product in the United States, nor does it allege facts showing that the referenced website itself constitutes a United States directed offer for sale. Nor does the Complaint allege that the products depicted on the website correspond to any specific Accused Product, configuration or timeframe relevant to the Asserted Patents, as opposed to general or longstanding product offerings. Absent allegations tying the website to a specific domestic commercial act by a Defendant, a publicly accessible marketing webpage cannot support a plausible claim of infringement. *See Sound N Light Animatronics Co., LTD v. Cloud b, Inc.*, No. CV1605271GHKJPRX, 2016 WL 7635950, at *4 -*5 (C.D. Cal. Nov. 10, 2016) ("It is not enough, however, to show that the infringing product appeared for sale on a website that is accessible in the United States. The plaintiff must also show that U.S. residents were able to purchase the product through the website, and that the offer was in some way directed at U.S. residents… [Plaintiff] does not allege that the relevant websites are accessible in the United States, that they accept U.S. currency, that they have a system for delivering products to the United States, or that a significant portion of their customers are U.S. residents.").

This case is like others that have dismissed complaints with insufficient pleadings. *See, e.g., Conformis, Inc. v. Zimmer Biomet Holdings, Inc.*, No. CV 19-1528-RGA, 2022 WL 1909386, at *4 (D. Del. June 3, 2022) ("Nowhere does Conformis specifically allege infringing activity by Medacta International taking place in the United States, as required by § 271(a). Conformis asks that I read between the lines of its allegations regarding Medacta International's sales to Medacta USA to find an implicit allegation of importation, because, it argues, these allegations 'strongly imply that Medacta International imports the accused products.' (D.I. 118 at 19). I decline to do so."); *Benson Ave. Co. LLC v. ARRI Americas Inc.*, No. 2:24-CV-07209-SVW-RAO, 2025 WL 2684035, at *2 (C.D. Cal. Aug. 14, 2025) (dismissing plaintiff's claim for direct infringement and finding "'for a party to be liable for direct patent infringement under 35 U.S.C. § 271(a), that party must commit all the acts necessary to infringe the patent, either personally or vicariously.' *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013) (citation omitted). Here, the complaint offers scant allegations regarding *any sale or offer for sale of the Device within the United States*.") (emphasis added).

As noted above, Exhibits I and J to the Complaint only rely on AEM's patents and two websites. These websites do not show that AEM was making, using, importing, offering to sell, and/or selling products that infringe the Asserted Patents. The language cited by Advantest is generic marketing language with high-level descriptions, no pricing, no shipping details, and no purchase options. *See Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) ("As in *Proxyconn*, Plaintiff in the present case simply identifies the allegedly infringing products and parrots the language of a direct patent infringement claim, alleging that Defendant's 'producing, using, selling and/or offering for sale' of the 'Cisco WebEx product and related products,' infringes on the '038 Patent. Compl. ¶¶ 12, 15. Plaintiff provides no further specificity as to its claim or the Accused Products.");

*Benson Ave. Co.*, 2025 WL 2684035, at fn. 2 ("References to Defendant's website in the FAC are also irrelevant because, as Plaintiff itself admits in its opposition, 'the FAC does not allege an offer for sale or sales through a website.'"); *Echosens, S.A. v. E-Scopics S.A.S.*, 772 F. Supp. 3d 147, 157 (D. Mass. 2025) ("Any inference that Defendant not only attended but also demonstrated, sold, or offered to sell the Accused Product would be entirely speculative, which is outside the bounds of this Court's inquiry on a motion to dismiss.").

Advantest's website-based "offer" theory is even weaker because it relies on webpages that are not plausibly attributable to any Defendant. For example, one cited source is a third-party "AEM" site (aemdeposition.com), which the Complaint does not allege is operated by AEM or connected to any AEM entity. Reliance on third-party web content that merely shares an acronym is not a substitute for factual allegations tying an accused product and accused domestic act to a particular Defendant. This misattribution underscores the absence of a reasonable pre-suit investigation and further confirms that the allegations are speculative.

Further underscoring the speculative nature of Advantest's direct infringement allegations, Advantest states "[t]hat concern was heightened by industry reports indicating that AEM was marketing a wafer ATI product. For example, in its 2024 annual report, AEM trumpeted its 'PX technology, targeting wafer probe' with supposed 'potential to redefine wafer thermal control during probe,' and indicated that AEM anticipated 'launching evaluations at all three advanced node (sub-7nm) foundry suppliers by late 2025.'" Complaint, ¶ 42. This forward-looking statement made by AEM's then President & CTO (now CEO) in an investor-directed message within a corporate annual report, fails to plausibly allege infringement in the United States as the statement does not constitute nor qualify as an "offer for sale." The statement was directed at investors, not customers, and lacks any price or purchase terms, and describes only anticipated future evaluations and

not commercial sales. *Masimo Corp. v. Sotera Wireless*, No. 19-CV-01100-BAS-NLS, 2020 WL 2306587, at *5 (S.D. Cal. May 8, 2020) ("Offers for sale can form the basis for a claim of direct patent infringement, but only where facts are pled that plausibly show 'the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.' *Linear Tech. Corp. v. Micrel, Inc.*, 275 F.3d 1040, 1050 (Fed. Cir. 2001).").

Further, case law is clear that alleged future acts do not constitute infringement under 35 U.S.C. § 271 and thus a plaintiff fails to state a claim for relief when relying on the same. *See Laitram Corp. v. Cambridge Wire Cloth Co.*, 919 F.2d 1579, 1583 (Fed. Cir. 1990) ("If there had been evidence before the district court, and there was none, that CWC intended and was preparing on March 15, 1989 to produce and sell PX–1, it would not matter, for neither intent nor preparation constitutes infringement under 35 U.S.C. § 271."); *Lang v. Pac. Marine & Supply Co.*, 895 F.2d 761, 765 (Fed. Cir. 1990) ("Because Pacific Marine's allegedly infringing ship's hull was still nine months from completion when the complaint was filed, the district court correctly dismissed Count II for failure to state a claim under section 271."). All of Advantest's forward-looking allegations should thus be disregarded by the Court.

**5. Advantest fails to properly allege which Defendant performed which alleged infringing acts.**

Further, Advantest's direct infringement claims fail because it does not differentiate between the three AEM entities. "Claims brought under 35 U.S.C. §§ 271 require identification of the infringing acts committed by a defendant." *E-Vision Optics, LLC v. Luxottica Grp. S.p.A.*, No. SA CV 23-02013-AB (SHKX), 2024 WL 1601853, at *4 (C.D. Cal. Mar. 8, 2024). Advantest states on the first page of its Complaint that "Plaintiff Advantest Test Solutions, Inc. ('Advantest') alleges

against Defendants AEM Holdings Ltd. ('AEM Holdings'), AEM Singapore Pte. Ltd. ('AEM Singapore'), and AEM Americas, Inc. ('AEM Americas,' and collectively with AEM Holdings and AEM Singapore, 'AEM')…" Advantest then only refers to "AEM" as a whole throughout the Complaint. This is not sufficient to allege which entity is infringing in which way and does nothing to connect any one entity to alleged infringing acts taking place in the United States. *See, e.g., Aristocrat Techs.*, 709 F.3d at 1362 (finding that liability for direct infringement attaches if a defendant committed "all acts necessary to infringe the patent, either personally or vicariously."); *Parity Networks, LLC v. Moxa Inc.*, No. SACV20698JVSKESX, 2020 WL 6064636, at *3 (C.D. Cal. Sept. 11, 2020) ("Courts in this circuit have held that a complaint fails to state a claim and must be dismissed if it does not indicate which individual defendant or defendants are responsible for which alleged wrongful act.") (internal citations and quotations omitted); *Slack v. International Union of Operating Engineers*, 2014 WL 4090383 at *16 (N.D. Cal. Aug. 19, 2014); *In re American Apparel, Inc. Shareholder Derivative Litigation*, 2012 WL 9506072 at *41 (C.D. Cal. July 31, 2012).

Advantest cannot lump all AEM entities together without specifying which entity performed which allegedly infringing acts within the United States. "By lumping all [Defendants] together, Plaintiff[ ] ha[s] not stated sufficient facts to state a claim for relief that is plausible against *one* Defendant." *Resh, Inc. v. Skimlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1059–60 (N.D. Cal. 2023) quoting *In re iPhone Application Litig.*, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (emphasis in original).

Thus, Advantest's direct infringement allegations should be dismissed because they fail to allege how each AEM entity is making, using, selling, offering for sale, and/or importing the Accused Products in the United States. For the

foregoing reasons, Advantest's claims of direct infringement should be dismissed with prejudice.

**B. Induced and Contributory Infringement Claims Fail**

Advantest fails to state a claim for secondary infringement for three reasons. First, Advantest fails to adequately plead direct infringement to support its claims for both inducement and contribution. Second, Advantest fails to plead that there is no non-infringing use for the alleged infringing products, foreclosing contributory infringement. Third, Advantest fails to plead that AEM intended to induce infringement or that AEM knew that unidentified third-party actions constituted infringement of the Asserted Patents, thus foreclosing inducement.

**1. Legal standard.**

"To state a claim for contributory infringement, the complaint must plead (1) knowledge of the patent, (2) knowledge of the acts alleged to be infringement, (3) that the accused infringer's component is not suitable for a substantial non-infringing use; and (4) that the accused infringer's component is material to practicing the claimed invention." *Traxcell Techs. LLC v. Google LLC*, No. 22-CV-04807-JSC, 2022 WL 17072015, at *6 (N.D. Cal. Nov. 17, 2022).

Regarding induced infringement, "the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1353–54 (Fed. Cir. 2008) (internal quotation marks omitted).

**2. Advantest fails to plead direct infringement to support indirect infringement.**

Applicable to both contribution and inducement, Advantest fails to plead that there has been any direct infringement either by AEM, as noted above, or by AEM's customers to support indirect infringement of the Asserted Patents. *See Anticancer,*

*Inc. v. Leica Microsystems, Inc.*, No. 11CV2756 DMS (JMA), 2012 WL 12862585, at *3 (S.D. Cal. May 14, 2012) ("Plaintiff responds that it has identified the alleged infringers, but the Court disagrees. The FAC refers to several scientific papers published by scientists from various research institutions and universities, (FAC ¶¶ 18-24), but nowhere does Plaintiff allege that these entities have infringed the patents-at-issue.").

Advantest merely recites the statutory elements and fails to allege that AEM's customers infringe or that AEM's purported direct infringement can act as a stand-in for its customer's direct infringement of the Asserted Patents. *See* Complaint, ¶ 53 ("On information and belief, AEM has been and is now indirectly infringing the '999 Patent in violation of 35 U.S.C. § 271(b) at least by (i) inducing its customers to purchase the Accused Products and/or by instructing, encouraging, implementing, and/or directing others how to use the Accused Products in ways that directly infringe the '999 Patent, including claim 1"); ¶ 67 (same regarding the '841 patent). This is insufficient. "An inducement claim requires that there be direct infringement, *C.R. Bard, Inc. v. Adv. Cardiovascular Sys., Inc.*, 911 F.2d 670, 675 (Fed. Cir. 1990), and Brain Life must plead direct infringement with supporting facts." *Brain Life, LLC v. Elekta Inc.*, No. 10CV1539-LAB BGS, 2011 WL 12816674, at *13 (S.D. Cal. July 19, 2011) ("Rather than actually *identify* the underlying infringement Varian has induced, Brain Life alleges in conclusory fashion that unnamed 'medical practitioners' have used Varian's products to infringe the method claims of the '684 patent."). *See also Garrett*, 2020 WL 5517202, at *5 ("However, Garrett merely alleges that the accused products can be used in an infringing manner and that these products are sold by TPRA. *See* Dkt. No. 1 ¶¶ 15, 19-21. Garrett alleges that TPRA 'currently provides, uses, and operates – and/or directs or instructs others in the use and operation of – [the accused products],' Dkt. No. 1 ¶ 23, but this fails to allege that those users subsequently use those products

in an infringing manner. As such, the first element of contributory infringement is not sufficiently alleged.”).

As direct infringement is required for both inducement and contribution and Advantest fails to allege any facts to support direct infringement, Advantest's secondary infringement allegations should be dismissed.

**3. Contributory infringement fails.**

Advantest merely repeats the statutory language regarding contributory infringement, without alleging any facts concerning how the Accused Products have no substantial non-infringing use. *See* Complaint ¶ 54 (“On information and belief, AEM has been and is now contributorily infringing the ’999 Patent in violation of 35 U.S.C. §§ 271(c) and/or (f). For example, AEM's TCWs constitute a material part of the inventions claimed in the ’999 Patent, are specially made or adapted to infringe the ’999 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use, as demonstrated by the evidence cited above and in Exhibit I.”); ¶ 68 (same regarding the ’841 patent).

This is not sufficient to state a claim for contributory infringement. *See Pulse Elecs., Inc. v. U.D. Elec. Corp.*, No. 18-CV-0373-BEN (DEB), 2020 WL 3791660, at *3 (S.D. Cal. July 6, 2020) (“Again, apart from Pulse's own conclusory allegation, the Complaint lacks factual allegations to plausibly establish that the connectors have no substantial non-infringing uses and that the component is a material part of the invention.”); *Anticancer*, 2012 WL 12862585, at *4 (“Here, Plaintiff alleges Defendant's devices are ‘not a staple article or commodity of commerce suitable for substantial non-infringing use.’ (FAC ¶ 38.) However, Plaintiff fails to include any facts to support this allegation. Indeed, Plaintiff fails to allege any facts to show that Defendant, or any other person or entity, has infringed any of the patents-at-issue, much less that Defendant's products have no substantial noninfringing uses.”); *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00359 WHA, 2018 WL 2047553, at *5

(N.D. Cal. May 2, 2018) ("The amended complaint adds by way of 'example' that 'the software that causes the Wireless Devices to operate as described above is a component of a patented machine, manufacture, or combination. Furthermore, the software is a material part of the claimed inventions and is not a staple article or commodity of commerce suitable for substantial non-infringing use' (*see* Dkt. No. 57-2). More formulaic recitation. Again, the amended complaint falls short of alleging factual content sufficient to support Uniloc's conclusions.").

As noted above concerning direct infringement, Advantest does not allege how the Accused Products operate and, as a result, does not plausibly allege that they lack substantial non-infringing use. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012) ("These allegations are tailored too narrowly; they say nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.' But that is not the relevant inquiry. For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes other than infringement.").

Advantest's claim for contributory infringement should thus be dismissed.

**4. Induced infringement fails**

With respect to inducement, Advantest once again offers nothing more than a bare recitation of the statutory language, without alleging any specific facts to support its claim. Complaint, ¶ 53 (AEM is "inducing its customers to purchase the Accused Products and/or by instructing, encouraging, implementing, and/or directing others how to use the Accused Products in ways that directly infringe the '999 Patent, including claim 1, through its education and promotion materials and support and service activities; and/or (ii) instructing, encouraging, and/or directing others how to use AEM TCWs in conjunction with wafer probe testers in ways that directly infringe the '999 Patent, including claim 1, through its education

and promotion materials and support and service activities."); ¶ 67 (same regarding the '841 patent). This conclusory statement fails to allege inducement for two reasons.

First, Advantest has not alleged specific intent on the part of AEM to induce others to infringe. This Court has found that these allegations must be made. As explained by this Court in *Anticancer*:

> Furthermore, Plaintiff fails to allege any facts to support the intent elements of a claim of inducing infringement. The only allegations directed at the issue of intent are "that Leica had actual knowledge of the '159 Patent and its claimed inventions, and has known and intended that its customers would directly infringe the '159 Patent by using the Leica TCS STED CW, Leica TCS SP5, Leica TCS SP2-AOBS, Leica M165 FC, Leica FCM 1000, and Leica DMI14000 B devices in their intended manner and according to Leica USA's instructions." (*Id.* ¶ 37. *See also* ¶¶ 45, 53.) However, these allegations are conclusory, and do not allege any actual facts that would allow the Court to draw a reasonable inference that Defendant had the requisite intent for inducing infringement. The only facts alleged in the FAC are that Defendant develops, manufactures and sells imaging devices to research institutions and universities, but "the mere sale, without more, of a device capable of such non-infringing use will not establish liability for inducement." *Dynacore Holdings Corp. v. U.S. Phillips Corp.*, 363 F.3d 1263, 1276 n.6 (Fed. Cir. 2004) (quoting *Oak Industries, Inc. v. Zenith Electronics Corp.*, 697 F.Supp. 988, 992-92 (N.D. Ill. 1988)).

*Anticancer*, 2012 WL 12862585, at *3.

Advantest's conclusions that AEM induces infringement through its instruction, encouragement, or direction is also insufficient. *See Pulse Elecs.*, 2020 WL 3791660, at *2 ("Without a factual allegation about the 'how,' Pulse plausibly describes nothing more than the innocent act of merely sell[ing] a commercial product suitable for some lawful use.") (internal quotation marks omitted); *Uniloc USA*, 2018 WL 2047553, at *4 ("This order holds Uniloc's vague and conclusory allegations that Apple 'intentionally instructs its customers to infringe' using broad

categories of materials, coupled with a list of five generic websites, do not amount to factual content supporting any reasonable inference that Apple possessed either 'knowledge that the induced acts constitute patent infringement' or 'specific intent to encourage another's infringement.'"); *Garrett*, 2020 WL 5517202, at *6 ("the Complaint does not allege anywhere that a user actually employs that infringing mode or that TPRA instructs a user to infringe.").

Second, Advantest fails to allege that AEM had knowledge of infringement by its customers. "[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 131 S. Ct. 2060, 2068, 179 L. Ed. 2d 1167 (2011). Advantest fails to plead this knowledge and, as noted above, merely recites the statutory language.

For these reasons, Advantest's claim for induced infringement should be dismissed.

**C. Willfulness Fails**

Notice sufficient to support willfulness must identify the asserted patents and provide a plausible theory of how specific accused products infringe specific claims. Here, the Complaint contains no allegations regarding such notice. Generalized references to past interactions or business dealings do not plausibly establish that AEM knew it was infringing.

As such, Advantest fails to adequately plead that AEM knew its actions were infringing the Asserted Patents. Advantest's willfulness allegations boil down to reciting statutory elements and alleging that AEM knew of the Asserted Patents. *See* Complaint, ¶¶ 56 and 70. No allegations are made that AEM was aware its acts were allegedly infringing, nor does Advantest allege that it put AEM on notice of infringement. A key element of willfulness has thus not been pled. "In light of this, district courts have held that in order to sufficiently plead willful infringement, a

plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Fate Therapeutics, Inc. v. Shoreline Biosciences, Inc.*, 665 F. Supp. 3d 1214, 1226 (S.D. Cal. 2023) (internal quotation marks omitted).

Advantest's allegations are highly similar to those that were dismissed in other cases. *See Arbmetrics, LLC v. Dexcom Inc.*, No. 18-CV-00134-JLS-KSC, 2019 WL 12473781, at *3 (S.D. Cal. Feb. 19, 2019), *modified on reconsideration*, No. 18-CV-134-JLS (KSC), 2019 WL 12473780 (S.D. Cal. Oct. 7, 2019) ("The FAC plausibly shows Defendant knew of the Patent, but it lacks factual detail plausibly to infer Defendant knew it was *infringing* and yet still continued its activities. Plaintiff's FAC therefore fails to allege conduct prior to the suit that rises above the level of the typical infringement case."). In *Smith Interface*, this Court determined that even when a notice letter was sent, the plaintiff still failed to plead willful infringement.

> Smith Interface contends that "Apple's review of the asserted Overlapping Patent claims and Overlapping Patent infringement allegations would reveal Apple's devices have the same core features that Samsung was accused of infringing." (*See* Opp'n at 20.) This does not suffice under recent decisions that have concluded that the plaintiffs failed adequately to allege pre-suit knowledge of infringement where a notice letter did not explain how the defendants' accused products infringed the asserted patents.

*Smith Interface Technologies, LLC, Plaintiff, v. Apple Inc., Defendant.*, No. 23-CV-1187 TWR (BGS), 2024 WL 6917026, at *5 (S.D. Cal. Mar. 5, 2024). No notice letter was sent in this case. Advantest is merely relying on conclusions, without alleging facts that support its contention that AEM knew it was infringing the Asserted Patents.

Further, Advantest cannot rely on the Complaint itself to furnish knowledge of infringement to AEM. "[A] complaint cannot provide a required element of a claim for induced or willful infringement." *Globus Medical, Inc. & Nuvasive, LLC, Plaintiffs, v. Alphatec Spine, Inc., Defendant*., No. 3:25-CV-01522-CAB-DDL, 2025 WL 3471319, at *2 (S.D. Cal. Dec. 3, 2025). Advantest's claim for willful infringement should thus be dismissed entirely.

## III. CONCLUSION

For the reasons set forth above, Advantest fails to state a claim for direct infringement, induced infringement, contributory infringement (including under § 271(f) to the extent alleged), or willful infringement. Accordingly, AEM respectfully requests that the Court dismiss the Complaint in its entirety with prejudice.

DATE: January 9, 2026

Respectfully Submitted,

s/ Siddhesh V. Pandit
Siddhesh V. Pandit, VA Bar No. 75,686
(*pro hac vice*)
svp@maierandmaier.com
Timothy J. Maier, VA State Bar No. 46254
(*pro hac vice to be submitted*)
tjm@maierandmaier.com
Michael R. Casey, VA Bar No. 43,919
(*pro hac vice to be to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)

Thomas J. Gohn, TX Bar No. 24097742)
(*pro hac vice to be submitted*)
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231
(703) 740-8322 (phone)
(703) 991-7071 (fax)

Stacy E. Don, Cal. Bar. No. 226737
sdon@sdonlaw.com
**Law Office of Stacy E. Don**
8203 Sierra College Blvd.
Roseville, CA 95661
Telephone: (916) 749-4851

***Attorneys for Defendants AEM Holdings Ltd., AEM Singapore Pte. Ltd., and AEM Americas, Inc.***