SIDDHESH V. PANDIT (Va. Bar No. 75686 - *Pro Hac Vice*)
svp@maierandmaier.com
TIMOTHY J. MAIER (Va. State Bar No. 46254 - *Pro Hac Vice*)
tjm@maierandmaier.com
MICHAEL CASEY (Va. Bar No. 43919- *Pro Hac Vice* forthcoming)
mrc@maierandmaier.com
MAIER & MAIER, PLLC
345 South Patrick Street
Alexandria, VA 22314
Telephone: (703) 740-8322

THOMAS J. GOHN (Tex. Bar No. 24097742- *Pro Hac Vice* forthcoming)
tjg@maierandmaier.com
MAIER & MAIER PLLC
8750 N. Central Expressway, Ste. 1850
Dallas, Texas 75231
Telephone: (703) 740-8322

STACY E. DON (Cal. State Bar No. 226737)
sdon@sdonlaw.com
LAW OFFICE OF STACY E. DON
8203 Sierra College Blvd.
Roseville, CA 95661-4227
Telephone: (916) 749-4851

Attorneys for Defendants AEM Holdings Ltd.,
AEM Singapore Pte. Ltd., and AEM Americas, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANTEST TEST SOLUTIONS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>AEM HOLDINGS LTD., a Singapore corporation; AEM SINGAPORE PTE. LTD., a Singapore corporation; and AEM AMERICAS, INC., a California corporation,<br><br>Defendants. | Case No.: 3:25-cv-02604-JES-BJW<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>**Judge: James E. Simmons, Jr.**<br>**Action Filed: October 1, 2025**<br><br>**Hearing: March 11, 2026**<br>**Time: 1:30 p.m.**<br>**Courtroom: 4B** |

-i-

### I.      Advantest conflates plausible with possible.

The crux of Advantest's Opposition (Dkt. 32) is that its mere speculation based on disclosures in AEM's patents and AEM's actions in the United States meets the plausibility standard. But the Complaint relies on limited facts, focusing instead on speculation. As the Federal Circuit has found, "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Adnexus Inc. v. Meta Platforms, Inc.*, 160 F.4th 1216, 1220 (Fed. Cir. 2025) (internal quotation marks omitted). *See also Askan v. FARO Techs., Inc.*, No. 2024-2258, 2025 WL 1363303, at *2 (Fed. Cir. May 12, 2025) ("Generally, a complaint is sufficiently pled under Rule 12(b)(6) if the claim is plausible, rather than merely 'possib[le]' or 'conceivable.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009)). Because its allegations fail to meet the plausibility threshold and Advantest does not allege how the Accused Products practice the claims of the Asserted Patent, its Complaint should be dismissed.

### A.      Patents are not required to be commercialized.

Under Advantest's theory, a plaintiff can allege infringement merely by locating a defendant's patent, selecting any product the defendant offers, and asserting infringement by alleging that the defendant's products can be modified to include the patent disclosures. This approach is entirely inconsistent with established pleading standards. Indeed, Advantest fails to cite controlling or directly relevant case law to support this assertion. In essence, Advantest asks the Court to create a new, lowered pleading standard. Doing so would create an unworkable and unjust standard for infringement pleadings. Under their approach, any large technology company with thousands of patents could be hauled into court by plaintiffs who need not investigate, identify, or plausibly allege that any particular product is made, used, or sold in the United States according to the specifics of those patents. A plaintiff would have no obligation to connect a defendant's patents to the accused products.

-1-

A cursory USPTO search would become the only prerequisite to alleging infringement of virtually any product the defendant offers.[1]

Advantest also argues that its infringement allegations are plausible because AEM put "considerable effort and expense [] to file numerous [United States] patent applications relating to this technology." Opp. at 14. But AEM cannot be faulted for prosecuting its own patents, and Advantest's unreasonable position is unsupported by any legal authority. *See Classen Immunotherapies, Inc. v. Elan Pharms., Inc.*, 786 F.3d 892, 898-99 (Fed. Cir. 2015) ("Filing a patent application is generally not an infringement of a patent. It is not the making, using, offering to sell, selling, or importing of an invention. It is the act of approaching an agency of the government in order to obtain a limited privilege and to fulfill a public goal of making knowledge of an invention available to the public. *It is not commercializing an invention, which requires introducing an invention into commerce, or making preparations to do so*.") (emphasis added). The Federal Circuit makes clear that "[a] patent is granted in exchange for a patentee's disclosure of an invention, *not for the patentee's use of the invention*." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995) (emphasis added). AEM is entitled to file patent applications without the risk that its required disclosures to the USPTO will later be turned against it to commence unwarranted litigation.

Even if AEM's patents were evidence of infringement on a technical level, Advantest fails to plausibly explain how the Accused Products embody the AEM patents. To explain this defect, Advantest argues that it "cites the specific names of

---

[1] Advantest ignores the other uses a defendant might have for its patents. For example, companies use patents in a blocking manner to prevent a competitor from entering a space. This is done without commercialization of a product. Companies also acquire patents and can thus be the assignee on a patent that is not commercialized through a product. Universities also often receive patents without commercializing the patented inventions.

-2-

the Accused Products embodying the AEM Copycat Patents." Opp. at 8. But its belated explanation cannot remedy its failure to make allegations *connecting* the Accused Products to AEM's patents. In fact, Advantest's statement that it attached "over 45 detailed pages, [which] map the disclosures of the AEM Copycat Patents and AEM website citations against each and every limitation of independent claim 1 of each Asserted Patent" ignores the absence of virtually any citations to an actual AEM product. Opp. at 8. Rather, it relies almost exclusively on AEM's patents. These documents, by themselves, do not plausibly show that AEM makes products practicing those inventions. Advantest even seems to concede an almost exclusive reliance on AEM's patents, stating that "[p]ictures of those specific products are provided in the claim charts (unrelated to the AEM Copycat Patents)." Opp. at 11. The Court of Federal Claims has also recognized that a defendant's patents do not provide evidence of the existence of a product, even in instances where secretive United States military technology is involved. *See Demodulation, Inc. v. United States*, 126 Fed. Cl. 499, 507 (2016) ("Indeed the existence of a patent is no guarantee of the existence of a corresponding product, let alone one made or used by the United States."). In sum, AEM's patents do not establish that a commercial product practices those disclosures, nor that such a product meets the Asserted Claim limitations. Advantest fails to plead sufficient facts to that effect.

Had Advantest's pre-filing investigation revealed any link between the AEM patents and the Accused Products, it should have presented factual support for that claim. Instead, Advantest provides no such factual support, leaving AEM to speculate as to how the Accused Products purportedly infringe. *See Huang v. Amazon.com, Inc.*, No. 2024-1428, 2025 WL 314718, at *3 (Fed. Cir. Jan. 28, 2025) ("This allegation simply concludes, with no factual basis, that the supposedly infringing circuit in Figure 1 of Exhibit X1 exists in each of the accused products. Even if the illustrated EEPROM chip plausibly infringes claim 29, the complaint

-3-

fails to include factual allegations linking the allegedly infringing chip to the accused products.”).

Advantest's attempt to distinguish *Superior Indus.* underscores its implausible position. Opp. at 10. Just like in that case, the Complaint relies on AEM's Patents, citing to very little or no information on AEM's *actual products*. Just like the plaintiff in *Superior Indus.*, Advantest incorrectly believes that plausible allegations can be based solely on AEM's Patents.

Finally, AEM does not “acknowledge[] that [the AEM patent] allegations, if credited by this Court, adequately allege infringement.” Opp. at 8. AEM's Motion identified certain deficiencies with the Complaint without making any admissions about other deficiencies. It is improper to rely on a defendant's patents to plead infringement, yet that is the approach Advantest relies on almost exclusively. Advantest's allegations are insufficient, both procedurally and substantively.

**B.    Advantest cannot overcome its conclusory and speculative pleadings.**

Apart from its improper reliance on AEM's patents, Advantest offers only speculation. First, Advantest conjectures about infringement in the United States by the AEM defendants. Advantest itself cites to paragraphs in the Complaint that underscore the speculative nature of its allegations. *See, e.g.*, Complaint ¶ 42 (“AEM anticipated ‘launching evaluations at all three advanced node (sub-7nm) foundry suppliers by late 2025.’”). It is not infringement to note a *potential global* launch and thus allegations of the same fail to state a claim.

Advantest's contention that “[i]n contrast [to the *Sound N Light* case], Advantest alleges specific facts supporting United States infringement…” is incorrect. Opp. 16. The AEM defendants are global companies. Advantest's allegations fail to pinpoint actions taken in the United States, as opposed to elsewhere around the world, that constitute purported infringement. The first few paragraphs of the Complaint set the stage for the inadequacy of Advantest's

-4-

allegations about each AEM entity. *See* Complaint ¶¶ 4-5. The Complaint alleges that AEM Holdings is a Singapore corporation, that AEM Singapore is a Singapore corporation, and that AEM Americas is a California corporation. *Id*. Yet, Advantest fails to delineate between these entities for purposes of alleging infringement and further fails to explain why the defendants are "similarly situated" for the purposes of alleged infringement. *See* Opp. at 18, citing *E-Vision Optics, LLC v. Luxottica Grp. S.P.A.*, No. SA CV 23-02013-AB (SHKx), 2024 WL 1601853, at *4 (C.D. Cal. Mar. 8, 2024) (cited by Advantest for the proposition that group pleadings may be appropriate if defendants are similarly situated). But Advantest alleges no facts connecting the Singaporean entities to the United States, even assuming for the sake of argument, that proper allegations have been made as to the AEM entity based in the U.S.

Advantest improperly lumps all three entities together and relies on broad, global allegations to claim infringement. This is inadequate. *See, e.g., Berall v. Pentax of Am., Inc.*, No. 10-CV-5777 (LAP), 2021 WL 3934200, at *6 (S.D.N.Y. Sept. 2, 2021) (dismissing claims under Rule 12(c) against foreign defendant and finding that "Each speaks about Defendants <u>collectively</u>, merely stating in conclusory fashion that they sold, marketed, produced, <u>etc.</u>, the AWS laryngoscopes. They do not, however, differentiate which activities were undertaken by which entity.") (emphasis in original).

Second, Advantest fails to adequately plead indirect infringement because it is required to allege acts of direct infringement. *See* Motion at 15-17. The deficiency highlighted by AEM's Motion is that Advantest failed to identify acts of direct infringement. Apparently misunderstanding this point, Advantest relies on *AlexSam* and *Bill of Lading*, which held that a plaintiff need not identify a specific customer or third-party that is directly infringing. Opp. at 20. AEM is not arguing that the Complaint is deficient for failure to provide the identity of specific customers.

-5-

Instead, the Complaint is inadequate because it does not plausibly plead that direct infringement is occurring. Advantest even relies on *its own legacy testers* to allege that a user would have to infringe. *See* Complaint ¶¶ 14-15. Advantest is incorrect that it has adequately "allege[d] how these systems function" by citing paragraphs 14 and 15 of the Complaint. Opp. at 20. Those paragraphs do not address, and certainly do not support, any allegations of infringement by AEM's customers.

Regarding knowledge of infringement, Advantest fails to support its allegation that "[t]hese same facts also support that AEM had the specific intent for its customers to infringe when those customers use the Accused Products (embodying the Copycat Patents) for testing." Opp. at 23. Instead, Advantest makes an unsupported inference that AEM's awareness of the applications that issued as the Asserted Patents constituted knowledge of its customers' alleged infringement of the issued patents. This is insufficient to support a claim for indirect infringement.

Third, Advantest's reliance on "upon information and belief" is a procedural flaw that underscores the absence of a factual basis for alleging infringement by AEM. Advantest relies on *Park v. Thompson* to support its position that "upon information and belief" is appropriate when facts are within a defendant's control. Opp. at 12. The *Park* court only considered "upon information and belief" pleading sufficient where "[w]hen the entire factual context is considered, it is clear that Park has nudged [her] claim[ ] that Thompson conspired to orchestrate Ayala's unavailability across the line from conceivable to plausible." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (internal quotation marks omitted). But Advantest's Complaint does not meet this threshold. Further, a Northern District of California court analyzing *Park* found that information and belief pleadings remain insufficient when made in conclusory fashion. *See Sims v. Opportunity Fin., LLC*, No. 20-CV-04730-PJH, 2021 WL 1391565, at *8 (N.D. Cal. Apr. 13, 2021). These conclusory allegations are insufficient and should be disregarded.

-6-

## II.    Secrecy claims do not justify a lowered pleading standard.

Advantest justifies its inadequate pleadings by relying heavily on conclusions that the semiconductor testing business is "secretive." *See, e.g.*, Opp. at 1. But the Complaint only mentions this once in paragraph 43. Even if it had been adequately explained, Advantest is not entitled to unilaterally lower the applicable pleading standard.

The difficulty of investigating its claims does not give Advantest license to disregard its pleading obligations. *See DataWidget, LLC v. Rocket Sci. Grp. LLC*, No. 1:20-CV-02961-SDG, 2022 WL 671527, at *3 (N.D. Ga. Mar. 7, 2022) ("The Court recognizes that DataWidget can do little more than speculate when it has no insight into Mailchimp's operations, and that it is difficult to gain such insight without the access afforded by civil discovery. But allowing this case to proceed based on assumptions would impermissibly lower the pleading standard such that any patent holder can pursue claims, and force a defendant to incur the time and costs of litigation, simply because another product resembles its own."). Yet, Advantest takes this exact position. Advantest argues that "[u]nlike the *Askan* plaintiff, Advantest does not condition its claims on discovery. It alleges it has a claim *now* and adequately marshals the publicly available facts to plausibly allege infringement." Opp. at 6-7. But that contention is directly at odds with Advantest's position that it should be given leeway because it cannot acquire or analyze the Accused Products. *Id*. The *Askan* decision confirms that "courts do not allow cases to proceed based on assumptions." *Askan v. Faro Techs., Inc.*, No. 6:23-CV-920-PGB-DCI, 2024 WL 3443416, at *2 (M.D. Fla. July 17, 2024) (internal quotation marks omitted). Without factual allegations linking the Accused Products to specific claim limitations, again, Advantest's Complaint rests on assumptions rather than plausible inference.

Advantest's casual treatment of the pleading standard is underscored by its reliance on a website that is not even associated with AEM. Rather than acknowledge and correct its mistake, Advantest tries to shift the blame onto AEM. The fact remains that it cited an incorrect website and has since declined to amend its pleadings. To highlight the deficient pleadings, AEM attaches redacted versions of the claim charts that remove references to AEM's patents and the non-AEM website. This reveals that there is essentially nothing left to Advantest's allegations. *See* Exhibits 1 and 2.

Advantest relies on authorities that do not endorse a lowered pleading standard. For instance, the *K-Tech* case is inapposite. Opp. at 4-5. In *K-Tech* the Federal Circuit applied the standard under Form 18, which was abrogated in 2015. *See Big Baboon, Inc. v. SAP Am., Inc.*, No. 17-CV-02082-HSG, 2018 WL 1400443, at *2 (N.D. Cal. Mar. 20, 2018) ("Thus, post-abrogation, Form 18 'no longer maintains any force.'"). The Federal Circuit found that the District Court erred because it "applied the wrong standard to K-Tech's complaints in requiring that a plaintiff preemptively identify and rebut potential non-infringing alternatives to practicing the claims of an asserted patent." *K-Tech* at 1284. That is not the situation here, and under the proper *Iqbal/Twombly* standard Advantest cannot shield its deficient pleadings by relying on claims of secrecy. *Bot M8* is also not helpful for Advantest. The *Bot M8* Court expressly stated that they "are not reviewing the court's original reverse engineering order at [the motion to dismiss] stage." *Bot M8*, 4 F.4th 1357. Thus, Advantest's reliance on *Bot M8* to show that "AEM is 'wrong' to demand evidence that is available only via a teardown of its industrial accused products unavailable to Advantest outside of discovery" is misplaced. Opp. 11, n.3.

*Power Density* does not help Advantest either. Opp. at 4-5. There, the plaintiff identified specific techniques employed to perform the functions of defendant's patents. Here, Advantest relies almost exclusively on the AEM patents. No plausible

-8-

connection is alleged between the Accused Products and the AEM patents. Further, the *Power Density* Court relied heavily on allegations that the accused products involved national security and military technology, thus precluding plaintiff from access. *Id*. at 219-20. Here, Advantest alleges secrecy in a few conclusory sentences. Complaint ¶ 43. Advantest's Complaint is distinguishable from the facts present in *Power Density*.

*Network Congestion* also offers no support. Opp. at 5. As noted by another district court, both *K-Tech* and *Network Congestion* rely on now-abrogated Form 18. *See Vitaworks, LLC v. Qianjiang Yongan Pharm. Co.*, No. CV 16-5321-CCC-MF, 2017 WL 11477186, at *2 (D.N.J. Aug. 22, 2017) ("As an initial matter, much of the case law relied upon by Plaintiff predates the abrogation of Form 18. *See, e.g.*, *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013); *Network Congestion Sols., LLC v. AT & T Inc.*, 108 F. Supp. 3d 246 (D. Del. 2015).") Secondly, the accused methods in *Network Congestion* were "used by defendants internally to provide better service to their customers." *Network Congestion*, 108 F. Supp. 3d at 249. This is not the case here as AEM sells products to customers.

*Novartis* also does not support Advantest's position, as it addresses Hatch-Waxman litigation. Opp. 5-6. The *Novartis* court explicitly stated that "a Hatch-Waxman plaintiff could plead with a lower level of specificity than required in other infringement suits and still comply with the *Twombly* and *Iqbal* pleading requirements." *Novartis* at *2. This exception does not apply here.

Allowing Advantest's case to move forward will improperly shift Advantest's burden onto AEM. This is inappropriate, as it is Advantest's burden to properly allege its claims. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 363, 98 S.Ct. 2380, 2395, 57 L.Ed.2d 253 (1978) (cited by the Federal Circuit in *Micro Motion*) ("A bare allegation of wrongdoing ... is not a fair reason for requiring a defendant to undertake financial burdens and risks to further a plaintiff's case."); *Micro Motion,*

-9-

*Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.") (emphasis in original).

Other courts have likewise found that filing incomplete claims and hoping to substantiate them through discovery is improper. "The Complaint states that Solenis seeks to use 'the judicial process and the aid of discovery to obtain...such information as is required to confirm its belief' as to Buckman's infringement…In other words, Solenis filed the Complaint to compel Buckman via discovery to provide information that it did not provide in response to Solenis' letters." *Solenis Techs., L.P. v. Buckman Lab'ys, Inc.*, No. 2:23-CV-02413-JPM-TMP, 2024 WL 3488086, at *8 (W.D. Tenn. July 19, 2024), *opinion clarified*, No. 2:23-CV-02413-JPM-TMP, 2025 WL 3779157 (W.D. Tenn. Jan. 23, 2025). Advantest attempts to do the same here, which is improper.

Finally, Advantest mischaracterizes AEM's argument regarding supplementation. Opp. at 6. AEM argues that there is "no possibility that Advantest can supplement its original Complaint." Motion at 3. AEM does not argue, as Advantest states, that Advantest "has 'no possibility' of discovering that information" to allege infringement. Opp. at 17. In fact, AEM's position is the opposite. Advantest's Complaint does not meet its burden of stating a plausible claim. Advantest should not be permitted to proceed on the basis of generalized claims that the industry is "secretive," which cannot justify initiating a speculative action against its competitors.

### III. CONCLUSION

For the reasons stated in its Motion and this reply, AEM respectfully asks that the Court grant its Motion and dismiss Advantest's Complaint.

-10-

DATE: February 27, 2026

Respectfully Submitted,

s/ Siddhesh V. Pandit
Siddhesh V. Pandit, VA Bar No. 75,686
(*pro hac vice*)
svp@maierandmaier.com
Timothy J. Maier, VA State Bar No. 46254
(*pro hac vice*)
tjm@maierandmaier.com
Michael R. Casey, VA Bar No. 43,919
(*pro hac vice to be to be submitted*)
mrc@maierandmaier.com

**MAIER & MAIER PLLC**
345 South Patrick Street
Alexandria, VA 22314
(703) 740-8322 (phone)
(703) 991-7071 (fax)

Thomas J. Gohn, TX Bar No. 24097742)
(*pro hac vice to be submitted*)
tjg@maierandmaier.com

**MAIER & MAIER PLLC**
8750 N. Central Expressway
Suite 1850
Dallas, Texas 75231
(703) 740-8322 (phone)
(703) 991-7071 (fax)

Stacy E. Don, Cal. Bar. No. 226737
sdon@sdonlaw.com
**Law Office of Stacy E. Don**
8203 Sierra College Blvd.
Roseville, CA 95661
Telephone: (916) 749-4851

***Attorneys for Defendants AEM Holdings Ltd., AEM Singapore Pte. Ltd., and AEM Americas, Inc.***

-11-